IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00518-BNB

EARL JOSEPH LOOSE,

    Plaintiff,

v.

PEPSI BOTTLEING [sic] GROUP,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Earl Joseph Loose, was confined at the Colorado Mental Health Institute in Pueblo, Colorado, when he submitted to the Court *pro se* a document titled "Summons/Complaint." The Court reviewed the document and determined it was deficient. Therefore, in an order filed on March 5, 2010, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Loose to cure certain deficiencies in the case within thirty days if he wished to pursue his claims.

The March 5 order pointed out that Mr. Loose failed either to pay the $350.00 filing fee or to file on the proper, Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. The order also pointed out that Mr. Loose failed to submit a Prisoner Complaint on the proper, Court-approved form. The order warned Mr. Loose that the action would be

dismissed without prejudice and without further notice if he failed to cure the designated deficiencies within the time allowed.

On March 19, 2010, the copy of the March 5 order mailed to Mr. Loose was returned to the Court as undeliverable. On April 13, 2010, Magistrate Judge Boland entered a minute order directing the clerk of the Court to remail to Mr. Loose a copy of the March 5 order and any specified forms using the correct ZIP code. The April 13 minute order granted Mr. Loose thirty additional days in which to cure the designated deficiencies. On April 27, 2010, the copies of the April 13 minute order, the March 5 order, and the Court forms designated in the March 5 order were returned to the Court in an envelope stamped "Return to Sender," "Attempted - Not Known," "Unable to Forward," and "Cannot Identify."

Mr. Loose has failed, within the time allowed, to cure the deficiencies listed in the March 5 order, or otherwise to communicate with the Court in any way.

Accordingly, it is

ORDERED that the action is dismissed without prejudice for the failure of Plaintiff, Earl Joseph Loose, within the time allowed, to cure the deficiencies designated in the March 5, 2010, order to cure, and for his failure to prosecute.

DATED at Denver, Colorado, this __21st__ day of __May__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00518-BNB

Earl Joseph Loose
CMHIP
1600 W. 24th St.
Pueblo, CO 81002

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/21/10

                                                GREGORY C. LANGHAM, CLERK

                                                By: _____
                                                            Deputy Clerk